**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4478

KEVIN L. COX,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-99-52-S)

Submitted: June 27, 2000

Decided: September 18, 2000

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A.,
Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, Tarra DeShields-Minnis, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kevin L. Cox appeals from sentences totaling 212 months imposed following his guilty plea to interference with interstate commerce by robbery, 18 U.S.C. § 1951 (1994), carjacking, 18 U.S.C.A. § 2119 (West Supp. 2000), and using a firearm in the commission of a violent felony, 18 U.S.C.A. § 924(c) (West Supp. 2000). Cox's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issues: whether the district court abused its discretion in denying Cox's motions to withdraw his plea and whether the record conclusively demonstrates that Cox was deprived of the effective assistance of counsel.

We have reviewed the record and agree that the court did not abuse its discretion in denying Cox's motion to withdraw his guilty plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We further find no evidence apparent from the face of the record that Cox was deprived of the effective assistance of counsel. See United States v. Hoyle, 33 F.3d 415, 418-19 (4th Cir. 1994) (ineffective assistance of counsel claims are not cognizable on direct appeal where the record does not conclusively show that the defendant is entitled to relief).

Cox filed a pro se supplemental brief asserting that his plea was not knowing and voluntary. However, our review of the plea colloquy and Cox's sworn declarations made in support of his guilty plea reveals no evidence in support of this claim. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (solemn representations made to the court carry a strong presumption of verity).

Because our review of the record reveals no reversible error, we affirm. We deny Cox's motions for the appointment of counsel to file a 28 U.S.C.A. § 2255 (West Supp. 2000) motion, the appointment of investigators and other experts to advance such postconviction motion, and an evidentiary hearing.

2

We have examined the entire record in this case in accordance with the requirements of <u>Anders,</u> and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3

n